**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Southwest Windpower, Inc., | ) | No. CV-10-8200-SMM |
| Plaintiff/Counter-Defendant, | ) | **ORDER** |
| vs. | ) | |
| Imperial Electric, Inc., | ) | |
| Defendant/Counter-Plaintiff. | ) | |

Before the Court is Plaintiff/Counter-Defendant Southwest Windpower, Inc.'s ("Southwest") Motion to Dismiss Defendant/Counter-Plaintiff Imperial Electric, Inc.'s ("Imperial") Counterclaims (Doc. 23). Imperial responded (Doc. 25),[1] Southwest replied (Doc. 27), and the matter is now fully briefed.[2]

**BACKGROUND**

Southwest, a manufacturer of wind turbines, brought suit on October 11, 2010 alleging that Imperial, a seller and installer of wind turbines, falsely represented itself as an authorized dealer of Southwest's products as part of a "bait-and-switch scheme" to promote and sell

---

[1] Imperial submitted with its Response extrinsic evidence outside of the pleadings. (Doc. 25, Ex. A.) When a court considers extrinsic evidence on a motion to dismiss, the court typically must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(b); San Pedro Hotel Co., Inc. v. City of L.A., 159 F.3d 470, 477 (9th Cir. 1998); Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Here, because neither party requested that Southwest's Motion to Dismiss be converted into a summary judgment motion, and because the Court does not rely on the materials attached to Imperial's Response in deciding Southwest's Motion, the Court will treat it as a motion to dismiss.

[2] Neither party requested oral argument related to this Motion to Dismiss. (Docs. 23, 25.) Accordingly, the Court finds the pending motions suitable for decision without oral argument. See L.R. Civ. 7.2(f).

competing goods and services online and elsewhere. (Doc. 1.) Imperial filed three counterclaims on December 3, 2010. (Doc. 20.) Counterclaims I and II seek (1) "Declaratory Judgment of Non-Infringement" and (2) "Declaratory Judgment that Imperial is not Engaging in Unfair Competition." (Doc. 20 at 15.) Counterclaim III alleges Unfair Competition under Lanham Act § 43(a), on grounds that Southwest made false statements regarding Southwest's warranty coverage for products not purchased, installed, or serviced by Southwest's authorized dealers and also regarding the suitability of using Southwest's products in conjunction with products Southwest did not produce. (Doc. 20 at 15-17.)

On December 27, 2010, Southwest filed a Motion to Dismiss Imperial's three counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 23 at 3.) Southwest also asserts that the heightened pleading requirements of Rule 9(b) provides grounds for dismissal of Counterclaim III. (Doc. 23 at 3-4.) Imperial contends that it meets all relevant pleading requirements, and in the alternative, argues that if the Court dismisses its counterclaims, it should be without prejudice and with leave to amend. (Doc. 25 at 2.)

## STANDARDS OF REVIEW

**I.     Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)**

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the plaintiff[3] fails to state a claim, the defendant may move in a written motion, separate from the responsive pleading, that the court dismiss the claim for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Even though a claim subject to dismissal for failure to state a claim is not required to provide "detailed factual allegations," in order for the plaintiff to meet its burden, it must present more than labels and conclusions, or a formulaic recitation of the elements

---

[3]Though Imperial as a Counter-Plaintiff filed counterclaims against Southwest as a Counter-Defendant, the general terms "plaintiff," "claims," and "defendant" are used throughout this Standards of Review section.

of the asserted cause of action. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).[4] To survive a motion to dismiss for failure to state a claim, a plaintiff must state enough facts so that the claim is plausible on its face. Id. at 570. The Supreme Court does not require a heightened pleading standard, just enough facts to push the claim across the threshold of conceivable to plausible. Id.

The court will treat all allegations of material fact in the complaint as true and construe the complaint in the light most favorable to the plaintiff. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). But "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir. 2001) (citing Associated Gen. Contractors v. Metro. Water Dist. of S. Cal., 159 F.3d 1178, 1187 (9th Cir. 1998)). If the court finds that the plaintiff does not allege enough facts to support a cognizable legal theory, the court may dismiss the claim. SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996). "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." Polich v. Burlington N., Inc., 942 F.2d 1467, 1472 (9th Cir. 1991) (citing Kelson v. City of Springfield, 767 F.2d 651 (9th Cir. 1985)). When exercising it discretion to deny leave to amend, "a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

---

[4] Prior to Twombly, the standard of review for a Rule 12(b)(6) motion was established by Conley v. Gibson, 355 U.S. 41 (1957). The Court in Conley held that a complaint may only be dismissed pursuant to Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46; Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). After Twombly, however, it was unclear if the new plausibility standard applied to all civil complaints or only to antitrust complaints. Recently, the Supreme Court clarified the scope of the Twombly holding by reiterating that it applied to all civil actions. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions.'").

## II. Motion to Dismiss Under Federal Rule of Civil Procedure 9(b)

Fraud claims must meet the heightened pleading standard of Rule 9(b), which requires that a party "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The circumstances surrounding the alleged fraud must "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" Kearns v. Ford Motor Co., 567 F.3d 1120 (9th Cir. 2009) (quoting Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)). "Averments of fraud must be accompanied by 'the who, what, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 727 (9th Cir. 1997)). A plaintiff alleging fraud is required to "'set forth more than the neutral facts necessary to identify the transaction.'" Kearns, 567 F.3d at 1124 (quoting In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994)). Rule 9(b) exists "to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." Bly-Magee, 236 F.3d at 1018. Dismissal under Rule 9(b) is the functional equivalent of a Rule 12(b)(6) dismissal for failure to state a claim. Vess, 317 F.3d at 1107. Accordingly, a plaintiff alleging fraud must state enough facts so that the claim is plausible on its face. Twombly, 550 U.S. at 570.

**DISCUSSION**

## I. Motion to Dismiss Imperial's Declaratory Judgment Counterclaims (I and II)

In its Motion to Dismiss, Southwest contends that Imperial's Declaratory Judgment counterclaims are improper because they allege matters already pending before the Court. (Doc. 23 at 4.) Imperial responds that its Declaratory Judgment counterclaims are necessary to ensure the resolution of all issues raised in Southwest's Complaint (Doc. 1). (Doc. 25 at 11-12.)

The Declaratory Judgment Act provides courts with discretion to either grant or

- 4 -

1 dismiss a counterclaim for declaratory judgment. See Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995); Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998) ("The [Declaratory Judgment] Act 'gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.'") (quoting Pub. Affairs Assocs., Inc. v. Rickover, 369 U.S. 111, 112 (1962)). Several district courts within the Ninth Circuit have found that counterclaims for declaratory relief are improper if "'repetitious of issues already before the court via the complaint o[r] affirmative defenses.'" Infa-Lab, Inc. v. KDS Nail Int'l, No. 07-01270, 2008 WL 4793305, at *3 (E.D. Cal. Oct. 24, 2008) (quoting Berger v. Seyfarth Shaw, LLP, No. 07-05279, 2008 WL 2468478, at *2 (N.D. Cal. June 17, 2008)). Courts in other jurisdictions have also concluded that if the factual and legal issues in the claim and counterclaim are the same, it is appropriate to dismiss the counterclaim. See Knights Armament Co. v. Optical Sys. Tech., Inc., 568 F. Supp. 2d 1369, 1375 (M.D. Fla. 2008) ("Because the parties' rights with respect to trademarks will be decided by the infringement claims at hand, there is no need for [defendant's counterclaims for] declaratory judgment." Pettrey v. Enter. Title Agency, Inc., No. 05-1504, 2006 WL 3342633, at *3 (N.D. Ohio Nov. 17, 2006) (citing Aldens, Inc. v. Packel, 524 F.2d 38, 51-52 (3d Cir. 1975); United States v. Zanfei, 353 F. Supp. 2d 962, 964 (N.D. Ill. 2005)).

Imperial seeks a declaration from the Court that it: (1) "has not infringed and is not infringing any valid and enforceable trademark rights of [Southwest] in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114" (Doc. 20 ¶ 46) and (2) "has not engaged in, and is not engaging in, unfair competition with respect to [Southwest's] trademark rights and with respect to designation of origin, descriptions, and representations of fact in connection with its goods or services in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Doc. 20 ¶ 48)." Meanwhile, Southwest alleges in its Complaint: (1) trademark infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114 and (2) unfair competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). (Doc. 1 at 6-7.) It is clear from this comparison of Southwest's claims and Imperial's counterclaims that Imperial's counterclaims are "'repetitious of issues already before the [C]ourt via the complaint'" that will necessarily be

- 5 -

disposed of by Southwest's claims. Infa-Lab, Inc., 2008 WL 4793305, at *3 (quoting Berger, 2008 WL 2468478, at *2. Therefore, the Court will exercise its discretion to dismiss Counterclaims I and II with prejudice.

**II.     Motion to Dismiss Imperial's Lanham Act Counterclaim (III)**

**A.     Whether Counterclaim III Is "Grounded in Fraud"**

Southwest argues for dismissal of Imperial's Counterclaim III because the allegations contained therein are based on fraud but fail to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). (Doc. 23 at 6-7.) Imperial disputes that Counterclaim III is required to meet Rule 9(b)'s heightened pleading. (Doc. 25 at 4.) As noted above, Rule 9(b) provides: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Ninth Circuit has examined Rule 9(b) and held:

> In cases where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct. In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).
>
> In other cases, however, a plaintiff may choose not to allege a unified course of fraudulent conduct in support of a claim, but rather to allege some fraudulent and non-fraudulent conduct. In such cases, only the allegations of fraud are subject to Rule 9(b)'s heightened pleading standards.

Vess, 317 F.3d 1097, 1103-04 (9th Cir. 2003). To establish a fraud claim in Arizona "a plaintiff must show that the defendant made a false, material representation that he knew was false or was ignorant of its truth, with the intention that the hearer of the representation act on it in a manner reasonably contemplated, that the hearer was ignorant of the representation's falsity, rightfully relied on the truth of the representation, and sustained consequent and proximate damage." Haisch v. Allstate Ins. Co., 5 P.3d 940, 944 (Ariz. Ct. App. 2000) (citing Echols v. Beauty Built Homes, Inc., 647 P.2d 629, 631 (Ariz. 1982)).

Several district courts in the Ninth Circuit have held that allegations under Lanham Act § 43 can be grounded in fraud. See Pestube Sys., Inc. v. Hometeam Pest Def., No. 05-

2382, 2006 WL 1441014, at *4-5 (D. Ariz. May 24, 2006) (applying Rule 9(b) to plaintiff's Lanham Act claim that was "grounded in fraud"); Collegenet, Inc. v. Xap Corp., No. 03-1229, 2004 WL 2303506, at *5-6 (D. Or. Oct. 12, 2004), adopted as modified, 2005 WL 708406 (D. Or. 2005) (Lanham Act unfair competition claim grounded in fraud as "allegations are such that plaintiff is alleging a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of the claim."). Here, Counterclaim III encompass the elements of fraud under Arizona law. See Haisch, 5 P.3d at 944. Specifically, Imperial alleges that Southwest: (1) "in bad faith" (2) "made false or misleading descriptions and representations of fact" (3) "likely to cause confusion, or to cause [a] mistake, or to deceive" others (4) in order to "influence purchasing decisions," (5) thereby harming Imperial. (Doc. 20 ¶¶ 50-55, 59.) These allegations set forth a unified course of alleged fraudulent conduct that form the basis of Counterclaim III. (Doc. 20 ¶¶ 49-60.); see Vess, 317 F.3d at 1103-04. The Court therefore finds that Counterclaim III is "grounded in fraud" and that Rule 9(b)'s particularity requirement applies. See Vess, 317 F.3d at 1103-04.

**B.      Whether Imperial Has Met Rule 9(b)'s Heightened Pleading Standard**

As noted, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess, 317 F.3d at 1106 (quoting Cooper, 137 F.3d at 727). Imperial contends that it has satisfied these Rule 9(b) requirements and cites an excerpt, incorporated by reference into Counterclaim III, alleging that "SWWP stated in a 2008 communication to Imperial that SWWP can 'void all warranties on all Imperial Electric's sales and installations of Southwest Windpower's products if we need." (Doc. 25 at 4-5 (quoting Doc. 20 ¶ 27).) Imperial asserts that this statement satisfies Rule 9(b) because it "identified who made the statement (SWWP), to whom it was made (Imperial) approximately when it was made (2008), and how (a communication)." (Doc. 25 at 4-5.) Imperial further asserts that the remainder of Counterclaim III also meets Rule 9(b)'s heightened pleading standard. (Doc. 25 at 5.)

Imperial's allegation quoted above and the remainder of Counterclaim III do not satisfy Rule 9(b). First, Imperial's identification of Southwest as the source of

1 misrepresentations communicated to Imperial (Doc. 20 ¶ 37) along with other "dealers,
2 customers, and the relevant market (Doc. 20 ¶ 51)" are insufficiently specific to comply with
3 the "who" requirement of Rule 9(b). See Segal Co. v. Amazon.com, 280 F. Supp. 2d 1229,
4 1231 (W.D. Wash. 2003) (granting motion to dismiss in part because reference to
5 defendant's "representatives" fails to identify alleged wrongdoers); Knights v. Crystal
6 Dynamics, 983 F. Supp. 1303, 1315 (N.D. Cal. 1997) (granting motion to dismiss in part
7 because general allegation listing all defendants is insufficient). Second, Imperial's vague
8 reference to only two time periods in its rather lengthy list of allegations: (1) "2008" as the
9 year that Southwest allegedly communicated to Imperial that Southwest could void
10 warranties related to Imperial's sales and (2) "for at least 3 months in 2009" as the period
11 Southwest allegedly included unspecified false or misleading information related to its
12 warranties (Doc. 20 ¶¶ 27, 30) are insufficient as to "when" because references to an entire
13 year or a period of months do not sufficiently identify the time of the alleged wrongdoing.
14 Atl. Richfield Co. v. Ramirez, 176 F.3d 481 (9th Cir. 1999) ("[A]lthough the complaint
15 suggests that the misrepresentations occurred in 'late 1990' or 'early 1991' merely
16 identifying a period spanning several months does not adequately identity the time of the
17 misrepresentations."); U.S. Concord, Inc. v. Harris Graphics Corp., 757 F. Supp. 1053 (N.D.
18 Cal. 1991) ("Allegations such as '[d]uring the course of discussions in 1986 and 1987,' 'in
19 or about May through December 1987,' and 'May 1987 and thereafter' do not make the
20 grade."). Third, Imperial's failure to identify the nature of the communication in which
21 Southwest allegedly stated that it could void all warranties on Southwest's sales and
22 installations is insufficient as to "where" and "how" under Rule 9(b). (Doc. 20 ¶ 27.)

23 The remainder of Counterclaim III includes nothing that could satisfy "'the who,
24 what, when, where, and how' of the misconduct charged" required under Rule 9(b). Vess,
25 317 F.3d at 1106 (quoting Cooper, 137 F.3d at 727). Because Imperial has failed to "state
26 with particularity the circumstances constituting fraud," the Court will dismiss Counterclaim
27 III. Fed. R. Civ. P. 9(b). However, Imperial will be given leave to amend, as its conceivable
28 that Imperial possesses facts that could be alleged with the level of specificity required by

Rule 9(b). See Vess, 317 F.3d at 1107-08 ("[D]ismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice. Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.")

**CONCLUSION**

**IT IS HEREBY ORDERED GRANTING** Southwest's Motion to Dismiss (Doc. 23).

**IT IS FURTHER ORDERED DISMISSING WITH PREJUDICE** Imperial's Counterclaim I (Declaratory Judgment of Non-Infringement) and Counterclaim II (Declaratory Judgment that Imperial is not Engaging in Unfair Competition).

**IT IS FURTHER ORDERED DISMISSING WITHOUT PREJUDICE** Imperial's Counterclaim III (Unfair Competition – Lanham Act § 43(a)).

DATED this 4th day of February, 2011.

Stephen M. McNamee
United States District Judge

- 9 -